UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robinson G. P. A., | No. 26-cv-1190 (KMM/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Robinson G. P. A. ("Robinson" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted.

## Background[1]

Robinson is a citizen of Ecuador who has lived in the United States since December of 2022. (Dkt. 1 ¶ 12.) There is no evidence that he has any significant criminal history. On February 6, 2026, Petitioner was arrested by agents of the U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 15.) The ICE agents did not provide a warrant at the time of his arrest. (*Id.*) At the time he filed his petition on February 6, 2026, Robinson was detained at the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota. (*Id.* ¶ 7.)

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226

---

[1] Respondents do not dispute the facts asserted in the petition. (Dkt. 6.)

or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). However, Respondents acknowledge that this Court has rejected their position in prior cases, and they wish to preserve their arguments for any appeal. (Dkt. 6.)

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Robinson or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

Petitioner alleges that he should be immediately released. The Court agrees. "Section 1226 provides that '[o]n *a warrant issued by the Attorney General*, an alien may

be arrested and detained.'" *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026). Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Robinson's recent arrest, nor have Respondents produced one to the Court. As explained in *Ahmed M.*, the issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). Because Respondents have not produced any warrant, the Court finds the appropriate remedy is immediate release. *See id.*, 2026 WL 25627, at *3; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same).

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Robinson G. P. A.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Robinson G. P. A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Robinson G. P. A. in Minnesota, **with all of his personal effects seized during his arrest, including but not limited to immigration paperwork, and without new conditions**. **He must be released by 9:00 PM on February 10, 2026.**

4. Further, the Court **ORDERS** Respondents file a notice on ECF **by no later than 12:00 PM on February 11, 2026** certifying Petitioner's release. The notice shall specify the date, time, and location of his release. If Robinson G. P. A. has not been released by that time, then Respondents shall advise the Court about the reasons his release has not occurred, and the specific steps Respondents are undertaking to ensure his immediate release in Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 9, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

4